UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ROBERT VENETUCCI,

Petitioner,

v.

CONSTANCE C. REESE,
KATHLEEN HAWK-SAWYER,
COLIN POWELL, and
UNITED STATES PAROLE COMMISSION,

Respondents.

CIVIL NO. 01-919 (ADM/JMM)

REPORT AND RECOMMENDATION

The above matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Docket No. 1]. The matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation to the District Court pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B).

Upon the following Findings of Fact/Report, it is recommended that Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Docket No. 1] be dismissed with prejudice.

**FINDINGS OF FACT/REPORT**

Petitioner is currently an inmate at the Federal Medical Center at Rochester, Minnesota ("FMC-Rochester"). He is serving a life sentence, imposed by the Court of Caeser, Milan, Italy. Petitioner seeks habeas corpus relief under 28 U.S.C. § 2241 because he alleges (1) that he was extradited to Italy to stand trial in violation of the Due Process and Ex Post Facto clauses of the United States Constitution as well as the "Nixon Treaty of 1973" and the "Reagan Treaty of 1984", and (2) he has not been given credit for

DEC 0 5 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

time served in Italy, in violation of those same treaties and his rights to due process and equal protection.

Petitioner previously filed a Petition for Writ of Habeas Corpus with this Court under 28 U.S.C. §2241 challenging the legality of his extradition and his confinement. See Venetucci v. Wise, Civil No. 98-2292 (ADM/JMM). His prior Petition was dismissed with prejudice, based on Petitioner's failure to exhaust administrative remedies and failure to state an actionable claim for habeas relief. Id., Docket No. 21. Because Petitioner made a prior habeas challenge to his confinement, the instant Petition is barred and must be dismissed.

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which placed new restrictions on successive petitions by prisoners seeking habeas corpus relief. Felker v. Turpin, 518 U.S. 651, 664 (1996). These new restrictions constitute a restraint on abuse of the writ. Id. For example, 28 U.S.C. § 2244(a) provides:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

Title 28 U.S.C. section 2255 provides, in relevant part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

By their terms, neither of the "gatekeeping" provisions in §§ 2244 or 2255 applies to petitions filed pursuant to § 2241, such as Petitioner's. See Carballo v. Luttrell, – F.3d --, 2001 WL 1194699 at p. 7 (6th Cir. Oct. 11, 2001). "Because section 2241 potentially allows a petitioner to evade these [gatekeeping] requirements, however, courts have attempted to define circumstances under which the [Antiterrorism and Effective Death Penalty Act's] new gatekeeping rules will bar a second or successive petition filed under section 2241." Id.

The general principles underlying these gatekeeping provisions inform the Court's handling of a second § 2241 petition.[1] Id. at p. 8. If a petitioner fails to raise an available claim in his initial petition, he may not make an "end-run" around the AEDPA's restrictions by later resorting to § 2241. United States v. Barrett, 178 F.3d 34, 57 (1st Cir. 1999).

> There is only one bite at the post-conviction apple unless a second or successive petition can show one of two things: a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, or newly discovered evidence sufficient to establish by clear and convincing evidence, on the whole record, that no reasonable factfinder would have returned a guilty verdict. A claim of actual innocence – defined as factual innocence, not mere legal insufficiency – will have a mechanism for review.

Id.

---

[1] It is not disputed that the legality of Petitioner's detention has already been determined once by this Court through the resolution of a habeas Petition. See Venetucci v. Wise, Civil No. 98-2292 (ADM/JMM).

In this case, Petitioner has not made the showing necessary for the Court to consider his successive collateral attack on his confinement. He has not pointed the Court to a new, retroactive rule of constitutional law, nor does he claim that there is newly-discovered evidence to prove his innocence. His Petition should be dismissed with prejudice.

## RECOMMENDATION

For the reasons set forth above, it is recommended that Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Docket No. 1] be dismissed with prejudice.

Dated: December 5, 2001

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before **December 20, 2001** a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.