**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Robert Venetucci,

Petitioner,

v.

Constance C. Reese,
Kathleen Hawk-Sawyer,
Colin Powell, and
United States Parole Commission,

Respondents.

**MEMORANDUM OPINION AND ORDER**
Civil No. 01-919 ADM/JMM

---

## I. INTRODUCTION

On May 29, 2001, Robert Venetucci ("Petitioner") filed a Petition for Writ of Habeas Corpus [Doc. No. 1] pursuant to 28 U.S.C. § 2241. The matter is now before the Court on Petitioner's Objection [Doc. No. 14] to the Report and Recommendation ("R&R") of Magistrate Judge John M. Mason [Doc. No. 13]. In the R&R, Judge Mason recommends that the Petition for Habeas Corpus be dismissed with prejudice. For the reasons set forth below, the R&R is adopted and the Petition for Writ of Habeas Corpus is dismissed with prejudice.

## II. BACKGROUND

Petitioner is currently serving a life sentence at the Federal Medical Center at Rochester, Minnesota for Extortion and Conspiracy to Commit Murder. His sentence was imposed by a court in Milan, Italy. Petitioner seeks habeas corpus relief under 28 U.S.C. § 2241 on the following grounds: (1) he was extradited to Italy to stand trial in violation of the Due Process and Ex Post Facto clauses of the United States Constitution, the "Nixon Treaty of 1973," and the

FILED 2-12-02
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD 2-12-02
DEPUTY CLERK

Reagan Treaty of 1984," and (2) he has not been given credit for time served in Italy, in violation of the previously listed treaties and his rights to due process and equal protection. Petitioner previously filed a Petition for Writ of Habeas Corpus with this Court pursuant to 28 U.S.C. § 2241. *Venetucci v. Wise,* No. 98-2292, (D. Minn. Aug. 18, 1998). The prior habeas petition was dismissed with prejudice based on Petitioner's failure to exhaust administrative remedies and failure to state an actionable claim for habeas relief. *Id.*

**III. DISCUSSION**

In reviewing objections to an R&R, a district court must make an independent, *de novo* evaluation of those portions of an R&R to which objections are made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C); D. Minn. LR 72.1(c)(2).

Petitioner argues that the restrictions on second or subsequent habeas corpus relief do not apply to habeas petitions filed pursuant to § 2241. He claims that the R&R improperly applies the "gatekeeping" provisions of the Antiterrorism and Effective Death Penalty Act ("ADEPA") to his case. *See* 28 U.S.C. §§ 2244 and 2255. Congress adopted the ADEPA to prevent the delay and lack of finality that stem from the filing of multiple habeas corpus petitions. *Crouch v. Norris,* 251 F.3d 720, 724 (8th Cir. 2001). Section § 2244(a) states that courts shall not be required to make a determination on a habeas corpus provision "if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus."

While the AEDPA requirements do not explicitly govern petitions filed under § 2241, courts have limited successive petitions filed under this section. In *United States v. Barrett,* 178

F.3d 34, 57 (1st. Cir. 1999), the court noted that it will not permit "end-run[s] around the requirements of § 2255 by resort to § 2241." The First Circuit found that a second or successive petition must show a new rule of constitutional law be applied retroactively or newly discovered evidence demonstrating that no reasonable juror would have returned a guilty verdict. *Id.* Although the original petition in *Barrett* was filed pursuant to § 2255, the reasoning in that case applies to the Petitioner's claim. The current Petition fails to meet either requirement for a subsequent § 2241 petition.

In *Davis v. Fechtel,* 150 F.3d 486, 490 (5th Cir. 1998), the court deemed the petitioner's third § 2241 petition constituted an abuse of the writ. The *Davis* court noted that the petitioner in that case raised the same grounds that he had in his second petition, which was also determined to be abusive. *Id.* The court concluded by noting that the § 2241 petition "clearly constitutes an abuse of the writ either under our pre- or post-AEDPA jurisprudence."

The Petitioner also asserts that the legality of his detention was not determined under his previous habeas petition. *See Venetucci v. Wise,* No. 98-2292. The previous petition was dismissed with prejudice based on both the Petitioner's failure to exhaust administrative remedies and failure to state an actionable claim. *Id.* Although the dismissal for failure to state an actionable claim was a determination of the merits of his previous petition, Petitioner expresses dissatisfaction with the content of the original petition, a self-described "signed pleading that plead nothing." Specific claims that were not raised in previous petitions are properly dismissed as abuses of the writ. *Washington v. Delo,* 51 F.3d 756, 759 (8th Cir. 1995). Such a dismissal is proper "regardless of whether the failure to raise it earlier stemmed from a deliberate choice." *McCleskey v. Zant,* 499 U.S. 467, 489 (1991). To avoid such a dismissal,

the petitioner must show an external impediment, such as governmental interference, to establish that he was prevented from raising his claims in his prior petition. *Id.* Petitioner's current Petition makes no such claim. Accordingly, the current Petition is barred as a successive petition.

## IV. CONCLUSION

Based upon the foregoing, the R&R, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

(1) The R&R [Doc. No. 13] is **ADOPTED** in its entirety.

(2) Petitioner's Objection to the R&R [Doc. No. 14] is **DENIED.**

(3) The Petition for Writ of Habeas Corpus [Doc. No. 1] is **DENIED** and **DISMISSED WITH PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Dated: February 12, 2002

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.