**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Robert Venetucci,

Petitioner,

v.

Constance C. Reese,
Kathleen Hawk-Sawyer,
Colin Powell, and
United States Parole Commission,

Respondents.

---

Civil No. 01-919 (ADM/JMM)

**ORDER**

This matter is before the Court pursuant to Petitioner's "Motion To Reconsider," filed on February 20, 2002. (Docket No. 17.) The Federal Rules of Civil Procedure do not authorize a "motion to consider" as such, but the Court will entertain Petitioner's present motion as a "Motion to Alter or Amend Judgment" brought under Fed. R. Civ. P. 59(e).

Petitioner is asking the Court to reconsider and vacate an order dated February 12, 2002, (Docket No. 15), which denied his application for habeas corpus relief pursuant to 28 U.S.C. § 2241. For the reasons discussed below, Petitioner's motion to reconsider will be DENIED.

## I. INTRODUCTION

Petitioner initiated this action by filing a § 2241 habeas petition that listed two claims for relief: (1) that his extradition from Italy to the United States violated his rights under the Constitution and various international treaties, and (2) that the United States Parole Commission has improperly calculated the date when he should be released from prison.

Magistrate Judge John M. Mason determined that Petitioner had filed a previous § 2241 habeas petition that was dismissed with prejudice, and that his current petition should therefore be

MAR 15 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

dismissed as a "successive petition." (Report and Recommendation, ["R&R"], dated December 5, 2001; [Docket No. 13].) Petitioner filed objections to this R&R, which prompted this Court to conduct a de novo review of the matter. By Order dated February 12, 2002, the Court denied Petitioner's objections, and held that "the current Petition is barred as a successive petition."

In his present motion to reconsider, Petitioner contends that his second claim for relief, (the release date claim), should have been entertained on the merits because it could not have been raised in his first habeas petition. Respondents agree that Petitioner's claim pertaining to his release date is not barred by the rules governing successive petitions, but also contend that the claim should be denied on the merits. The Court will address Petitioner's release date claim on the merits.

## II. DISCUSSION

Petitioner and Respondents all agree that (a) Petitioner is serving a life sentence, and (b) the time that Petitioner may actually be required to spend in prison is governed by the "old" (pre-1987) sentencing laws. The United States Parole Commission has determined that Petitioner will be presumptively entitled to release on parole on November 1, 2013. Petitioner argues that the Parole Commission's determination is wrong in two respects. First, he contends that he is entitled to more than just a possible parole release date; he is demanding a fixed and final "mandatory release date" – a guaranteed date when he will be released from custody. Next, Petitioner contends that the Parole Commission has not properly accounted for 945 days of good time credit he earned during his pre-extradition incarceration in Italy. Thus, according to Petitioner, instead of having a possible parole date on November 1, 2013, he should have a mandatory outright release date, which should be 945 days before November 1, 2013. By Petitioner's calculations, he should have a mandatory release

date of March 29, 2011.

Both aspects of Petitioner's release date claim must be rejected. First, Petitioner has failed to explain why he believes he is entitled to a guaranteed, unconditional "mandatory release date" at any time prior to serving his full life sentence. At most, Petitioner is presumptively entitled to parole after serving 30 years of his life sentence. That presumption is created by 18 U.S.C. § 4206(d), which provides that

> "Any prisoner, serving a sentence of five years or longer, who is not earlier released under this section or any other applicable provision of law, shall be released on parole... after serving thirty years of ... any life term.... Provided, however, that the [Parole] Commission shall not release such prisoner if it determines that he has seriously or frequently violated institution rules and regulations or that there is a reasonable probability that he will commit any Federal, State, or local crime."

This statute clearly does not give Petitioner the guaranteed mandatory release date that he is demanding. The statute says that a life prisoner will be released on parole after 30 years, unless the Parole Commission finds that he has violated prison rules "seriously or frequently," or that there is a "reasonable probability" he will commit future crimes. To the extent that Petitioner is seeking an unconditional mandatory release date for his life sentence, his claim is unsustainable. After he has served 30 years in prison, he will be presumptively entitled to release on parole, but he will not be entitled to a guaranteed release from all custodial restraint. See LaMagna v. U.S. Bureau of Prisons, 494 F.Supp. 189, 194 (D.Conn. 1980) (noting the distinction between "'mandatory' parole," which is "expressly conditioned upon a Parole Commission finding that the inmate will not be a risk to himself or society," and, on the other hand, "mandatory release," which is "unconditional").

Petitioner also is mistaken about the significance of his Italian good time credits. Respondents acknowledge that Petitioner earned 945 days of good time credits while he was in Italy,

and they further acknowledge that those credits were not lost or forfeited when he was moved from Italy to the United States. Respondents contend, however, that Petitioner's good time credits can affect only his sentence completion date – not his presumptive parole date. The Court agrees. 18 U.S.C. § 4163 clearly indicates that "a prisoner shall be released at the expiration of his term of sentence less the time deducted for good conduct." (Emphasis added.) In other words, good time credits are applied to the sentence completion date, not the presumptive parole release date. Stabile v. U.S. Bureau of Prisons, 834 F.2d 305, 306 (2d Cir. (1987) (per curiam) ("[s]ection 4163 determines the release date for a prisoner mandatorily released, i.e., not released on parole") (emphasis added). Therefore, Petitioner's Italian good time credits will not expedite his presumptive parole date.[1]

**III. CONCLUSION**

For the reasons discussed above, the Court finds that Petitioner is not entitled to mandatory release after serving 30 years of his life sentence. At most, he is presumptively entitled to parole at that point. The Court further finds that Petitioner's Italian good time credits do not affect his presumptive parole date. Petitioner's release date claim is therefore rejected on the merits and his present "motion to reconsider" will be denied.

---

[1] When Petitioner will reach the completion date of his life sentence is unknown, because no one knows when he will die. Because Petitioner's sentence completion date is unknown, there is no way of determining when Petitioner will be 945 days away from that date. It is therefore impossible to expedite Petitioner's sentence completion date by giving him credit for 945 days of good time credits. Indeed, it is never possible to give a life sentence prisoner the benefit of good time credits, because it is never possible to determine when his sentence would be completed without such credits. Therefore, the "old law" good time credits statute, 18 U.S.C. § 4161, expressly excludes life sentence prisoners from earning good time credit. That statute requires that good time credits be granted to "[e]ach prisoner convicted of an offense against the United States and confined in a penal or correctional institution for a definite term other than for life." (Emphasis added.)

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that Petitioner's "Motion To Reconsider," (Docket No. 17), is DENIED.

Dated: March 15, 2002

ANN D. MONTGOMERY
United States District Court Judge