**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Robert Venetucci,

Petitioner,

v.

Constance C. Reese,
Kathleen Hawk-Sawyer,
Colin Powell, and
United States Parole Commission,

Respondents.

Civil No. 01-919 (ADM/JMM)

**ORDER**

This matter is before the Court pursuant to Petitioner's "Motion For Copy Of Record." (Docket No. 21.) Petitioner is asking the Court to provide him with a free copy of the entire record in this case, as well as a free copy of the entire record for another case -- Venetucci v. Wise, Civil No. 98-2292 (ADM/JMM). Petitioner claims that he needs these materials in order to prosecute the appeal he has filed in this matter. (See "Notice of Appeal," filed March 21, 2002, [Docket No. 20].) For the reasons discussed below, Petitioner's motion will be DENIED.

First, Petitioner has cited no legal authority in support of his request for free copies of the record. While 28 U.S.C. § 1915 provides certain benefits to litigants who are granted leave to proceed in forma pauperis, ("IFP"), Petitioner is not eligible for those benefits because he has not applied for IFP status in this matter. More importantly, even if Petitioner were granted IFP status, he still would not be entitled to free copies of court records under § 1915.

Subsection 1915(c) authorizes federal courts to

"direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court... [and] printing the record on appeal if such printing is required by the

FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

appellate court, in the case of proceedings conducted pursuant to section 636(c) of this title." (Emphasis added.)

This statute does not apply here, because the Court of Appeals has not required that any part of the record be produced in this case. Moreover, even if this statute were applicable, it would not support Petitioner's copy request, because the statute obviously is intended to provide documents to the courts of appeals, not to litigants. See Schwartz v. Interpol, Office of Information and Privacy, Nos. 94-411, 94-4142 (10th Cir.) 1995 WL 94664 (unpublished opinion) *2 ("[a]lthough this statute thus relieves the litigant of the cost of preparing the record on appeal, it does not grant the court the authority to provide an indigent litigant with certified copies of all documents in the record"), cert. denied, 515 U.S. 1146 (1995); see also Douglas v. Green, 327 F.2d 661, 662 (6th Cir. 1964) (per curiam) ("[t]he statutory right to proceed in forma pauperis... does not include the right to obtain copies of court orders without payment therefor"); Hullom v. Kent, 262 F.2d 862, 863 (6th Cir. 1959) (per curiam) (same).

28 U.S.C. § 753(f) authorizes federal courts to provide indigent litigants with free transcripts under certain circumstances, but that statute does not support Petitioner's current motion, because he seeking court records other than transcripts.[1] Douglas, 327 F.2d at 662 ("[s]ection 753(f)... deals with a copy of the transcript of evidence at Government expense, not with a copy of the record"); Schwartz, 1995 WL 94664 at *2 (section 753(f) "does not provide authority for providing [indigent] litigants with a free copy of the entire record").

Furthermore, even if the Court were authorized to grant Petitioner the relief he is seeking, he has not demonstrated a sufficient reason for doing so. Petitioner's motion says only that he needs

---

[1] There are no court transcripts in this case, because no hearings or other courtroom proceedings were conducted.

the court's records "to litigate this matter properly on direct appeal." This type of vague assertion is not a legally sufficient basis. A persuasive showing of a genuine need for some particular court records for some specific purpose is required before a litigant may be provided free copies of court records. No such showing has been made by Petitioner here. For this additional reason, Petitioner's request for free copies of court records will be denied. See Douglas, 327 F.2d at 662 ("[i]n the absence of a more specific statement of what papers he seeks copies of, and a showing of the need for such copies, the motion [for free copies of court records] is denied").

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that Petitioner's "Motion For Copy Of Record," (Docket No. 21), is DENIED.

Dated: April 9, 2002

ANN D. MONTGOMERY
United States District Court Judge