UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

Robert Venetucci,

Petitioner,

v.

Constance Reese, Warden,

Respondent.

Civil No. 01-919 ADM/JMM

**MEMORANDUM AND ORDER**

Petitioner has filed a notice of appeal in this matter, (Docket No. 20), seeking appellate review of the claims raised in his application for habeas corpus relief under 28 U.S.C. § 2241. The matter is presently before the Court on Petitioner's motion for leave to proceed in forma pauperis, ("IFP"), on appeal, (Docket No. 23.)

A litigant who seeks to be excused from paying the $105 filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. See also Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. Id. An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

APR 24 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

In this case, Petitioner's IFP application indicates that he receives a nominal income of approximately $480 per month, and that he uses all of his income "for living expenses and maintaining contact with [his] children." His only asset is his prison trust account, which has a balance of approximately $500. Based on the information reported in Petitioner's IFP application, the Court finds that he is financially eligible for IFP status.

While the Court does not believe that Petitioner has any meritorious grounds for an appeal, the Court is not prepared to say that his appeal is "frivolous," as that term has been defined by the Supreme Court. Therefore, Petitioner's appeal is found to be taken in "good faith" for purposes 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), and his IFP application will be granted.

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

Plaintiff's motion to proceed in forma pauperis on appeal, (Docket No. 23), is GRANTED.

Dated: April 24, 2002

Ann D. Montgomery
United States District Court Judge